UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

DINA S. ORTEZ,
and other similarly-situated individuals,

    Plaintiff,

v.

INDUSTRUS LLC,
THE ROOF XPERTS LLC,
HECTOR E. HERNANDEZ,
and KRYSTAL GRANGER,
individually

    Defendants,

_____/

**AMENDED COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C. § 216(b))

COMES NOW the Plaintiff DINA S. ORTEZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants INDUSTRUS LLC, THE ROOF XPERTS LLC, and HECTOR E. HERNANDEZ and KRYSTAL GRANGER, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages, under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff DINA S. ORTEZ is a resident of Broward County, Florida, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant INDUSTRUS LLC is a Florida corporation, having its place of business In Broward County, Florida, within the jurisdiction of this Court. Defendant was and is engaged in interstate commerce.

4. Corporate Defendant, THE ROOF XPERTS LLC, is a Florida corporation, having its place of business in Broward Orlando, Florida, within the jurisdiction of this Court. The Defendants was and is engaged in interstate commerce.

5. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants INDUSTRUS LLC, and THE ROOF XPERTS LLC are a joint enterprise and joint employers of Plaintiff.

6. The individual Defendants HECTOR E. HERNANDEZ and KRYSTAL GRANGER were and are now the owners/officers and managers of Defendant Corporations INDUSTRUS LLC and THE ROOF XPERTS LLC. Defendants HECTOR E. HERNANDEZ and KRYSTAL GRANGER are the employers of Plaintiff and other similarly situated within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)].

7. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. This cause of action is brought by Plaintiff DINA S. ORTEZ as a collective action to recover from Defendants unpaid regular wages, overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours

during one or more weeks on or after November 2020, (the "material time") without being adequately compensated.

9. Corporate Defendants INDUSTRUS LLC and THE ROOF XPERTS LLC are general construction contractor specializing in residential, commercial, and industrial new roofing construction, roofing replacement, and roofing restorations. Defendant serves the areas of Broward county.

10. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants INDUSTRUS LLC and THE ROOF XPERTS LLC were and are now a joint enterprise because: 1) the two companies had the same or related business activities; 2) the two companies operate out of the same location; 3) the two companies shared facilities, equipment, and supplies; 4) INDUSTRUS LLC and THE ROOF XPERTS LLC, operated as a single unit, for a common business purpose; 5) Between INDUSTRUS LLC and THE ROOF XPERTS LLC, existed unified operation and common control because individual Defendants HECTOR E. HERNANDEZ and KRYSTAL GRANGER controlled the day to day operations of the two companies, and they operated as a single unit for a common business purpose; 6) both corporations had an interdependent financial interest because each company operated the same related business.

11. Pursuant 29 C.F.R. §791.2, INDUSTRUS LLC and THE ROOF XPERTS LLC, were joint employers because: 1) INDUSTRUS LLC and THE ROOF XPERTS LLC through its owners/partners/managers HECTOR E. HERNANDEZ and KRYSTAL GRANGER had equal and absolute control over the Plaintiff and other employees similarly situated; 2) HECTOR E. HERNANDEZ and KRYSTAL GRANGER assigned duties and paid to Plaintiff and other employees similarly situated; 3) INDUSTRUS LLC and THE ROOF XPERTS LLC, through their managers, jointly and equally determined terms and

employment conditions of Plaintiff and other employees similarly situated; 4) The work of Plaintiff's simultaneously benefited the two corporations. 5) The work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of INDUSTRUS LLC and THE ROOF XPERTS LLC.

12. Therefore, because the work performed by Plaintiff and other similarly situated individuals simultaneously benefited all Defendants, and directly or indirectly furthered their joint interest, Defendants INDUSTRUS LLC and THE ROOF XPERTS LLC are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1). They are also joint employers as defined in 29 C.F.R. §791.2.

13. Defendants INDUSTRUS LLC and THE ROOF XPERTS LLC, hereinafter, will be called collectively THE ROOF XPERTS, or corporate Defendant.

14. The Defendants, THE ROOF XPERTS, HECTOR E. HERNANDEZ, and KRYSTAL GRANGER, employed Plaintiff DINA S. ORTEZ as a non-exempted, full-time, hourly employee from approximately November 11, 2020, to March 19, 2021, or 18 weeks.

15. Plaintiff was hired as a construction/roofing laborer and to perform roofing construction work. Plaintiff was paid a wage rate of $10.00 an hour. Plaintiff overtime rate should be $15.00 an hour.

16. During her time of employment with Defendants, Plaintiff worked weeks of 5 and 6 days. Plaintiff had a very regular schedule. She worked from 7:0 AM to 7:00 PM (12 hours daily). When Plaintiff worked weeks of 5 days, she completed 60 working hours weekly. When Plaintiff worked 6 days, she completed 71 working hours per week.

17. Thus, during her employment with Defendants, Plaintiff worked 13.5 weeks of 5 days with 60 working hours and 4.5 weeks of 6 days with 71 working hours. Plaintiff was unable to take bonafide lunch periods.

18. Plaintiff worked in excess of 40 hours per week, but she was not paid for overtime hours. Plaintiff was paid for all her hours at her regular wage rate.

19. Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

20. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

21. Plaintiff was paid strictly in cash with paystubs that did not show the real number of days and hours worked.

22. On or about March 19, 2021, Plaintiff suffered a work-related accident. Plaintiff burned her face and eye with a chemical roof supply. Plaintiff was sent home without any workers' compensation assistance. After her chemical burn, Plaintiff was unable to return to work.

23. The Plaintiff is not in possession of time and payment records, but she will provide a reasonable faith estimate based on her best recollections. Plaintiff will amend her statement of claim after proper discovery.

24. Plaintiff DINA S. ORTEZ seeks to recover any regular unpaid wages and overtime hours accumulated during all her time of employment, liquidated damages, and any other damages, as allowable by law.

25. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

26. Plaintiff DINA S. ORTEZ re-adopts every pertinent and factual allegation stated in paragraphs 1-25 above as set out in full herein.

27. This action is brought by Plaintiff DINA S. ORTEZ and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

28. The Employer, THE ROOF XPERTS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction company that provides its services to companies engaged in interstate commerce. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the

United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

29. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

30. Defendants THE ROOF XPERTS, HECTOR E. HERNANDEZ, and KRYSTAL GRANGER employed Plaintiff DINA S. ORTEZ as a non-exempted, full-time, hourly employee from approximately November 11, 2020, to March 19, 2021, or 18 weeks.

31. Plaintiff was hired as a construction/roofing labor. Plaintiff was paid a wage rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

32. During her time of employment with Defendants, Plaintiff worked weeks of 5 and 6 days. Plaintiff worked 13.5 weeks of 5 days with 60 working hours, and 4.5 weeks of 6 days, with 71 working hours. Plaintiff was unable to take bonafide lunch periods.

33. Plaintiff worked more than 40 hours per week, but he was not paid for overtime hours, as required by the FLSA.

34. Plaintiff did not clock in and out, but the Defendants were able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals.

35. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that they worked in excess

of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. Plaintiff suffered a work-related accident on or about March 19, 2021, and she was unable to return to work.

37. The Plaintiff was paid with a combination of cash and checks, with paystubs that did not provide the real number of days and hours worked.

38. The records, if any, concerning the number of hours worked by Plaintiff DINA S. ORTEZ and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

39. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

41. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's reasonable faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on preliminary calculations and that these figures could be subject to modification as new evidence could dictate.

   a. Total amount of alleged unpaid wages:

   Two Thousand Forty-Seven Dollars and 50/100 ($2,047.50)

   b. Calculation of such wages:

   Total Period of employment:  18 weeks
   Relevant weeks of employment: 18 weeks

1. **O/T for 13.5 weeks of 5 days/60 working hours weekly.**

   Relevant weeks of employment:  13.5 weeks
   Total hours: 60 hours weekly
   Total overtime hours: 20 hours weekly
   Regular rate: $10.00 an hour x 1.5=$15.00
   Overtime rate:  $15.00 an hour-$10.00 O/T rate paid= $5.00 Half-time O/T

   Half-time O/T $5.00 x 20 O/T hours=$100.00 weekly x 13.5 weeks=$1,350.00

2. **O/T for 4.5 weeks of 6 days/71 working hours weekly**

   Relevant weeks of employment:  4.5 weeks
   Total hours: 71 hours weekly
   Total overtime hours: 31 hours weekly
   Regular rate: $10.00 an hour x 1.5=$15.00
   Overtime rate:  $15.00 an hour-$10.00 O/T rate paid= $5.00 Half-time O/T

   Half-time O/T $5.00 x 31 O/T hours=$155.00 weekly x 4.5 weeks=$697.50

   Total # 1, and # 2 = $2,047.50

   c. Nature of wages (e.g., overtime or straight time):

   This amount represents the unpaid overtime compensation.

42. At all times, the Employers/Defendants THE ROOF XPERTS, HECTOR E. HERNANDEZ and KRYSTAL GRANGER failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek, as provided in said Act.

43. Defendants THE ROOF XPERTS, HECTOR E. HERNANDEZ and KRYSTAL GRANGER, knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the

commencement of Plaintiff's and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

44. At the times mentioned, individual Defendants HECTOR E. HERNANDEZ and KRYSTAL GRANGER were the owners/partners and managers of THE ROOF XPERTS. Defendants HECTOR E. HERNANDEZ and KRYSTAL GRANGER were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of THE ROOF XPERTS concerning their employees, including Plaintiff and others similarly situated. Defendants HECTOR E. HERNANDEZ and KRYSTAL GRANGER had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for the Plaintiff's damages.

45. Defendants THE ROOF XPERTS, HECTOR E. HERNANDEZ, and KRYSTAL GRANGER willfully and intentionally refused to pay Plaintiff overtime wages as required by United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

46. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DINA S. ORTEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DINA S. ORTEZ and other similarly situated individuals,

and against the Defendants THE ROOF XPERTS, HECTOR E. HERNANDEZ and KRYSTAL GRANGER based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interests; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff DINA S. ORTEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated: July 22, 2021

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*