UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61498-CIV-SINGHAL/VALLE

DINA S. ORTEZ, and other similarly
situated individuals,

    Plaintiff,

v.

INDUSTRUS LLC, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO APPROVE SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court on the parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (DE [8]). Plaintiff Dina Ortez filed a Complaint (DE [1]) alleging that Defendants Industrus LLC, The Roof Xperts LLC, Hector Hernandez, and Krystal Granger violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay her minimum and overtime wages. Industrus and The Roof Xperts are allegedly joint enterprises, and Hernandez and Granger allegedly own and manage these entities. Compl. ¶¶ 5–6 (DE [1]).

According to Plaintiff's Statement of Claim (DE [6]), Defendants owe her $2,047.50 in unpaid overtime wages. She is also claiming an equal amount in liquidated damages, plus attorney's fees and costs. The parties now seek the Court's approval of their Full Waiver of All Claims, General Release, and Confidential Settlement Agreement ("the Settlement Agreement") (DE [8-1]).

In the Settlement Agreement, Defendants deny all liability, and the parties state that they decided to settle to "avoid the uncertainties and expense of further litigation." *Id.* at 1. The parties maintain that there are genuine disputes about whether Plaintiff

worked the alleged number of hours on a weekly basis, whether she was properly paid for the hours worked, and whether any FLSA violations were willful. (DE [8], at 5). Under the Settlement Agreement, Defendants will pay Ortez a total sum of $6,500, consisting of:

- $1,500, minus applicable taxes and deductions, for unpaid wages;
- $1,500 for liquidated damages; and
- $3,500 in attorney's fees and costs.

(DE [8-1], at 1–2).

Here, the Court finds that the parties' settlement constitutes "a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). The parties have weighed the risks and benefits of litigating this action and have made the strategic decision to settle. Plaintiff is recovering approximately 73% of her total claim, and counsel is recovering approximately 46% of the total settlement as fees plus $500 in costs. Thus, the amount allocated to attorney's fees and costs is reasonable relative to the full amount of the settlement. The parties' Settlement Agreement therefore satisfies the standard set forth in *Lynn's Food Stores*. Accordingly, it is hereby

   **ORDERED AND ADJUDGED** that

1. The parties' Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (DE [8]) is **GRANTED**. The Full Waiver of All Claims, General Release, and Confidential Settlement Agreement (DE [8-1]) is **APPROVED**.
2. Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE**.
3. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

4. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 6th day of October 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF